*Ruggles* and *Gould*, for the defendant.

*Harding*, for the plaintiff.

---

MURPHY, *complainant, versus* GLIDDEN.

Where one offered as a witness, would be inadmissible upon proof of an alleged fact, and evidence was introduced for the purpose of proving that fact, and the Judge excluded the witness, it not being stated, in the case, whether he 'considered the fact to have been proved or not; exceptions, reciting the evidence, impose upon this Court the duty of deciding the question of fact, and of adjudging thereupon whether the exclusion of the witness was or was not rightful.

ON EXCEPTIONS from the District Court, RICE, J.

COMPLAINT under the R. S. chap. 131, for the maintenance

of bastard children. The complainant was offered, by her counsel, as a witness to prove the accusation she had made before the magistrate, charging the respondent as the father of her child. She was objected to on the alleged ground, that she had been inconstant in the accusation.

There was much testimony offered to the Court, upon that question. It is all recited in the exceptions. The complainant's counsel then contended, in view of the testimony, that she was by law a competent witness, and that no cause of legal exclusion had been proved. The Judge excluded the witness, and, on motion of respondent's counsel, directed a nonsuit. The complainant excepted.

*Lowell*, for the complainant.

*M. H. Smith*, for the respondent.

The competency of the complainant as a witness is preliminary, and to be determined by the Court.

The Judge was satisfied that she had not continued constant, and he had a right to decide this *fact*. *Bradford* v. *Paul*, 18 Maine, 30 ; see also *McManagil* v. *Ross*, 20 Pick. 99.

It is only where a party is aggrieved by any opinion, direction or judgment of the District Court in *matter of law*, in a case not otherwise appealable, that he can allege exceptions. R. S. chap. 97, § 18. The *facts* cannot be revised on exceptions. *Fletcher* v. *Clarke*, 29 Maine, 485.

The ascertainment of *facts*, within the province of the Judge, is not open to exceptions. *Page* v. *Smith*, 25 Maine, 256.

If it were competent for this Court to entertain these exceptions, and go into a consideration of the matter of fact, they could, under the testimony, come to no other conclusion, than that the complainant was incompetent to be a witness.

The opinion of the Court, SHEPLEY, C. J., TENNEY, HOWARD and APPLETON, J. J., was delivered by

TENNEY, J., orally. — It is urged, by the respondent's counsel, that exceptions do not lie to the decision of the Judge

upon a question of fact. As to that position, we have no occasion to express an opinion. For it does not appear what decision he made upon the question of fact, or that he made any.

The fact of the complainant's constancy or inconstancy to the accusation against the respondent not appearing to have been decided, we are left to an examination of the evidence. The burden of proving the inconstancy is upon the respondent, and we think the evidence does not satisfactorily prove it.                                 *Exceptions sustained.*